**WO**                                                                        SC

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Michael R. Peaslee, | ) | No. CV 07-0225-PHX-MHM (MEA) |
| Plaintiff, | ) ) | **ORDER** |
| vs. | ) ) | |
| Sheriff Joe Arpaio, et al., | ) ) | |
| Defendants. | ) ) ) | |

Plaintiff Michael R. Peaslee, who is confined in the Durango Jail in Phoenix, Arizona, has filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 with an Application to Proceed *In Forma Pauperis*.[1]  (Doc.# 1.)[2]  The Court will dismiss the Complaint with leave to amend.

**I.     Application to Proceed *In Forma Pauperis* and Filing Fee**

Plaintiff's Application to Proceed *In Forma Pauperis* will be granted.  28 U.S.C. § 1915(a).  Plaintiff must pay the statutory filing fee of $350.00.  28 U.S.C. § 1915(b)(1). The Court will not assess an initial partial filing fee.  28 U.S.C. § 1915(b)(1).  The statutory fee will be collected monthly in payments of 20% of the previous month's income each time the amount in the account exceeds $10.00.  28 U.S.C. § 1915(b)(2).  The Court will enter a

---

[1]  Many inmates apparently believe that they will receive an immediate payout from a fund established in Hart v. Hill, No. CV 77-0479-PHX-EHC (MS) (D. Ariz. filed Jan. 10, 1995).  No such fund exists.  The inmates in Hart asked for injunctive relief and not monetary damages.  The Court at this time expresses no opinion on whether Plaintiff's lawsuit may result in an award of damages.

[2]  "Doc.#" refers to the docket number of filings in this case.

JDDL-K

1   separate Order requiring the appropriate government agency to collect and forward the fees

2   according to the statutory formula.

3   **II.   Statutory Screening of Prisoner Complaints**

4          The Court is required to screen complaints brought by prisoners seeking relief against

5   a governmental entity or an officer or an employee of a governmental entity.  28 U.S.C.

6   § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised

7   claims that are legally frivolous or malicious, that fail to state a claim upon which relief may

8   be granted, or that seek monetary relief from a defendant who is immune from such relief.

9   28 U.S.C. § 1915A(b)(1), (2).  If the Court determines that a pleading could be cured by the

10  allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint

11  before dismissal of the action.  See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000)

12  (*en banc*).

13         The Court should not, however, advise the litigant how to cure the defects.  This type

14  of advice "would undermine district judges' role as impartial decisionmakers."  Pliler v.

15  Ford, 542 U.S. 225, 231 (2004); see also Lopez, 203 F.3d at 1131 n.13 (declining to decide

16  whether the court was required to inform a litigant of deficiencies).  Plaintiff's Complaint

17  will be dismissed for failure to state a claim, with leave to amend because the Complaint may

18  possibly be saved by amendment.

19  **III.   Complaint**

20         Plaintiff alleges eight claims for relief in his Complaint concerning his conditions of

21  confinement.  Plaintiff sues Maricopa County Sheriff Joe Arpaio and Maricopa County.

22  Plaintiff requests compensatory and injunctive relief.

23  **IV.   Failure to State a Claim**

24         To state a claim under § 1983, a plaintiff must allege facts supporting that (1) the

25  conduct about which he complains was committed by a person acting under the color of state

26  law and (2) the conduct deprived him of a federal constitutional or statutory right.  Wood v.

27  Ostrander, 879 F.2d 583, 587 (9th Cir. 1989).  In addition, to state a valid constitutional

28  claim, a plaintiff must allege that he suffered a specific injury as a result of the conduct of

a particular defendant, and he must allege an affirmative link between the injury and the

conduct of that defendant.  Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976).

**A.  Sheriff Arpaio and Maricopa County**

Although Sheriff Arpaio and Maricopa County may properly be sued for

constitutional violations, Plaintiff fails to state a claim against either. "A plaintiff must allege

facts, not simply conclusions, that show that an individual was personally involved in the

deprivation of his civil rights." Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998).

For an individual to be liable in his official capacity, a plaintiff must allege that the official

acted as a result of a policy, practice, or custom. See Cortez v. County of Los Angeles, 294

F.3d 1186, 1188 (9th Cir. 2001).  A supervisor in his individual capacity, "is only liable for

constitutional violations of his subordinates if the supervisor participated in or directed the

violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880

F.2d 1040, 1045 (9th Cir. 1989).  Plaintiff has not alleged that Arpaio enacted or enforced

a policy, custom, or practice that resulted in the denial of Plaintiff's civil rights.  Further,

Plaintiff has not alleged that Arpaio directly violated his constitutional rights or that Arpaio

was aware that Plaintiff's rights were being violated but failed to act.  Thus, Plaintiff fails

sufficiently to set forth a cause of action against Arpaio in his Complaint.

A municipality may not be held liable unless its policy or custom caused the

constitutional injury.  See Leatherman v. Tarrant County Narcotics Intelligence and

Coordination Unit, 507 U.S. 163, 166 (1993); Monell v. Dep't of Soc. Serv., 436 U.S. 658,

694 (1978).  Thus, a municipality may not be sued solely because an injury was inflicted by

one of its employees or agents.  Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th

Cir. 2006).  Rather, the municipality is liable only when the execution of its policy or custom

inflicts the constitutional injury.  Id.; Miranda v. City of Cornelius, 429 F.3d 858, 868 (9th

Cir. 2005).  Therefore, a § 1983 claim against a municipal defendant "cannot succeed as a

matter of law" unless a plaintiff: (1) contends that the municipal defendant maintains a policy

or custom pertinent to the plaintiff's alleged injury; and (2) explains how such policy or

custom caused the plaintiff's injury.  Sadoski v. Mosley, 435 F.3d 1076, 1080 (9th Cir.)

1   (affirming dismissal of a municipal defendant pursuant to Fed. R. Civ. P. 12(b)(6)), <u>cert.

2   denied</u>, 126 S.Ct. 2864 (2006).  Plaintiff has not alleged that Maricopa County has enacted

3   or enforced a policy, custom, or practice that resulted in the denial of Plaintiff's civil rights.

4   Thus, Plaintiff fails to state a claim against Maricopa County.

5          **B.     Failure to State a Claim RE: Conditions of Confinement**

6          Plaintiff alleges various conditions at the Durango Jail were unconstitutional.  A

7   pretrial detainee's claim for unconstitutional conditions of confinement arises from the Due

8   Process Clause of the Fourteenth Amendment while a convicted inmate's claims for

9   unconstitutional conditions arises from the Eighth Amendment prohibition against cruel and

10  unusual punishment.  <u>Bell v. Wolfish</u>, 441 U.S. 520 (1979).  Nevertheless, the same

11  standards are applied.  <u>See</u> <u>Frost v. Agnos</u>, 152 F.3d 1124, 1128 (9th Cir. 1998).  To state a

12  claim for unconstitutional conditions, a plaintiff must allege an objectively "sufficiently

13  serious" deprivation that results in the denial of "the minimal civilized measure of life's

14  necessities."  <u>Farmer v. Brennan</u>, 511 U.S. 825, 834 (1994); <u>Allen v. Sakai</u>, 48 F.3d 1082,

15  1087 (9th Cir. 1994); <u>see</u> <u>Estate of Ford v. Ramirez-Palmer</u>, 301 F.3d 1043, 1049-50 (9th Cir.

16  2002).  That is, a plaintiff must allege facts supporting that he is incarcerated under

17  conditions posing a substantial risk of harm.  <u>Farmer</u>, 511 U.S. at 834.  A plaintiff must also

18  allege facts supporting that a defendant had a "sufficiently culpable state of mind," i.e., that

19  the official acted with deliberate indifference to inmate health or safety.  <u>Id.</u>  In defining

20  "deliberate indifference" in the jail context, the Supreme Court has imposed a subjective test:

21  "the official must both be aware of the facts from which the inference could be drawn that

22  a substantial risk of serious harm exists, <u>and</u> he must also draw the inference."  <u>Id.</u> at 837.

23  A plaintiff must also allege how he was injured by the alleged unconstitutional conditions.

24  <u>See, e.g.</u>, <u>Lewis v. Casey</u>, 518 U.S. 343, 349 (1996) (doctrine of standing requires that

25  claimant have suffered or will imminently suffer actual harm); <u>Caswell v. Calderon</u>, 363 F.3d

26  832, 836 (9th Cir. 2004) (case-or-controversy requirement means that plaintiff must have an

27  actual or threatened injury traceable to the defendant and likely to be redressed by a

28  favorable judicial decision).

### 1. Lighting and Temperature

In Count I, Plaintiff alleges that there is insufficient lighting to read or write and that his pod is so cold that he gets sick and is unable to "function properly." (Doc.# 1 at 4.)  In Count V (in part), he alleges that the one blanket he receives per month is insufficient for warmth and that the cold interferes with his ability to sleep and he has no place to dry wet clothes.  (Id. at 8.)

A plaintiff can state a claim for unconstitutional conditions based on inadequate lighting and exposure to temperature extremes.  See Hoptowit v. Spellman, 753 F.2d 779, 783-84 (9th Cir. 1985).  Whether particular conditions of confinement, however, rise to the level of a constitutional violation may depend, in part, on the duration of an inmate's exposure to those conditions.  Keenan v. Hall, 83 F.3d 1083, 1089 (9th Cir. 1996) (citing Hutto v. Finney, 437 U.S. 678, 686-87 (1978)).

In Counts I and V (in part), Plaintiff has not set forth facts concerning the severity of these conditions or the extent to which he has been subject to them.  Plaintiff also fails to allege how he has been injured or facts to support that the Defendants have acted with deliberate indifference to his injury or risk of injury as a result of these conditions.  For these reasons, these counts fail to state a claim.

### 2. Recreation

In Count II, Plaintiff alleges that he has only received outdoor recreation two or three times a week for 40 minutes each time, which he contends is constitutionally inadequate, rather than an hour a day six days a week.  (Doc.# 1 at 5.)  The long-term denial of outdoor recreation and exercise can rise to the level of a constitutional violation.  See Keenan, 83 F.3d at 1089-90.  In this case, Plaintiff admits that he receives outdoor recreation at least twice a week for 40 minutes, which does *not* rise to the level of a constitutional violation.  See Hearns v. Terhune, 413 F.3d 1039, 1041 (9th Cir. 2005) (some form of regular outdoor exercise satisfies the Constitution).  In addition, Plaintiff has not alleged how he was harmed by the lack of more opportunities for outdoor recreation.  See Demery v. Arpaio, 378 F.3d 1020, 1029 (9th Cir. 2004) (to violate Due Process Clause, the pretrial detainee must have

1   suffered some harm or disability from the condition), cert. denied, 125 S. Ct. 2961 (2005).

2   Plaintiff therefore fails to state a claim.  This claim will be dismissed with prejudice.

3       **3.    Overcrowding and Noise**

4       In Count III, Plaintiff alleges that he is unable to read or hear the television because

5   the noise level is so high as a result of overcrowding.  Allegations of overcrowding, alone,

6   are insufficient to state a claim.  See Rhodes v. Chapman, 452 U.S. 337, 348 (1981).  When,

7   however, overcrowding causes an increase in violence or reduces the provision of other

8   constitutionally required services, or reaches a level where the institution is no longer fit for

9   human habitation, the inmate's right against cruel and unusual punishment may be violated.

10  See Balla v. Idaho State Bd. of Corr., 869 F.2d 461, 471 (9th Cir. 1989); Toussaint v.

11  Yockey, 722 F.2d 1490, 1492 (9th Cir. 1984).  A plaintiff can also state a claim for

12  unconstitutional conditions based upon extreme noise levels resulting from overcrowding.

13  Hoptowit, 753 F.2d at 783-84.

14      Plaintiff alleges that the noise level makes it difficult to read or hear the television;

15  however, that is not a sufficient injury to state a claim for excessive noise.  See Keenan v.

16  Hall, 83 F.3d 1083, 1090 (9th Cir. 1996) (describing extent and source of noise).  Plaintiff

17  also fails to set forth facts to support that Defendants have acted with deliberate indifference

18  to the noise level.  Plaintiff fails to state a claim in Count III.

19      **4.    Access to Reading Materials**

20      In Count IV, Plaintiff alleges insufficient access to reading materials, specifically, he

21  alleges that the jail does not have a book cart delivery system and only provides him one

22  book every third Sunday each month.  The Constitution does not require the jail to provide

23  free reading materials to inmates.  Inmates may, however, pay for and order their own

24  reading materials to be mailed to them at the jail, though there may be some valid restrictions

25  on what inmates may receive.  See, e.g., Bell v. Wolfish, 441 U.S. 520, 549-51 (1979)

26  (upholding a regulation precluding hardback books due to security concerns).  Regardless,

27  the jail's failure to provide free leisure reading materials, in quantities to satisfy Plaintiff's

28  desires, fails to state claim.  This claim will be dismissed with prejudice because it could not

1   be saved by amendment.

2           **5.     Meals and Clothing**

3           In Count V (in part) Plaintiff alleges that he receives only one blanket change every

4   other month.  (Doc.# 1 at 8.)  In Counts VI, Plaintiff alleges that he receives only one change

5   of clothes and one clean towel per week.  (Id. at 9.)  In Count VII, Plaintiff alleges that he

6   receives only two meals a day, which are served by inmates with "health risks" and who do

7   not have food handler cards.  (Id. at 10.)

8           Absent additional factual allegations, the provision of only one change of blanket

9   every other month or of only one change of clothing and towel per week are not sufficient

10  to state a constitutional violation.  Further, Plaintiff fails to set forth facts that, if proven,

11  would establish deliberate indifference by the Defendants to any alleged risk of injury.

12          With respect to meals, "[t]he Eighth Amendment requires only that prisoners receive

13  food that is adequate to maintain health; it need not be tasty or aesthetically pleasing."

14  LeMaire v. Maas, 12 F.3d 1444, 1456 (9th Cir. 1993); see Frost, 152 F.3d at 1128 (applying

15  Eighth Amendment standard to a pretrial detainee's Fourteenth Amendment claims regarding

16  his conditions of confinement).  "'The fact that the food occasionally contains foreign objects

17  or sometimes is served cold, while unpleasant, does not amount to a constitutional

18  deprivation.'"  LeMaire, 12 F.3d at 1456 (citations omitted).  An inmate may, however, state

19  a claim where he alleges that he is served meals with insufficient calories for long periods

20  of time.  Id.  Neither the provision of two meals a day, rather than three, nor the use of

21  uncertified food handlers, absent additional factual allegations, rises to the level of a

22  constitutional violation.  Further, Plaintiff fails to allege any connection between his claimed

23  injury, "loss of appetite, loss of weight, stomach problems, diarrhea [sic]" and the provision

24  of two meals a day or to the use of servers with "health risks" who do not have food handler

25  cards.  Plaintiff also fails to set forth facts to support either that the provision of two meals

26  a day or the use of servers with health risks and without food handler cards rises to the level

27  of deliberate indifference.  For these reasons, these counts fails to state a claim.

28  /      /      /

JDDL-K                                          - 7 -

### 6.     Asbestos Exposure

In Count VIII, Plaintiff alleges that he is being exposed to asbestos, specifically, that he is breathing asbestos fibers from the ceiling, which results in coughing and eye irritation. (Doc.# 1 at 11.)  Plaintiff's bare allegation that he is being exposed to asbestos is insufficient to support a claim that his constitutional rights were violated.  See 16 C.F.R. 1304.4 (the Consumer Product Safety Commission banned as hazardous products containing intentionally-added, respirable free-form asbestos "[o]n the basis that *airborne asbestos fibers* present the hazards of cancer, including lung cancer and mesothelioma" (emphasis added)).  He has not set forth facts to support that he has been exposed to airborne asbestos fibers, i.e., that any asbestos in the ceiling has become airborne.  Further, he fails to set forth facts to support that any Defendant has acted with deliberate indifference to the risk of exposure to airborne asbestos.  Accordingly, Count VIII will be dismissed.

## V.     Leave to Amend

For the foregoing reasons, Plaintiff's Complaint will be dismissed for failure to state a claim upon which relief may be granted.  Within 30 days, Plaintiff may submit a first amended complaint to cure the deficiencies outlined above.  The Clerk of Court will mail Plaintiff a court-approved form to use for filing a first amended complaint.  If Plaintiff fails to use the court-approved form, the Court may strike the amended complaint and dismiss this action without further notice to Plaintiff.

Plaintiff must clearly designate on the face of the document that it is the "First Amended Complaint."  The first amended complaint must be retyped or rewritten in its entirety on the court-approved form and may not incorporate any part of the original Complaint by reference.  Plaintiff may include only one claim per count.

A first amended complaint supersedes the original complaint.  Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992); Hal Roach Studios v. Richard Feiner & Co., 896 F.2d 1542, 1546 (9th Cir. 1990).  After amendment, the Court will treat an original complaint as nonexistent.  Ferdik, 963 F.2d at 1262.  Any cause of action that was raised in the original complaint is waived if it is not raised in a first amended complaint.  King v. Atiyeh, 814 F.2d

565, 567 (9th Cir. 1987).

**VI.    Warnings**

    **A.    Release**

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release. Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot.  Failure to comply may result in dismissal of this action.

    **B.    Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion for other relief with a notice of change of address.  Failure to comply may result in dismissal of this action.

    **C.    Copies**

Plaintiff must submit an additional copy of every filing for use by the Court.  <u>See</u> LRCiv 5.4.  Failure to comply may result in the filing being stricken without further notice to Plaintiff.

    **D.    Possible "Strike"**

Because the Complaint has been dismissed for failure to state a claim, if Plaintiff fails to file an amended complaint correcting the deficiencies identified in this Order, the dismissal will count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g). Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis* under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

    **E.    Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these

warnings, the Court may dismiss this action without further notice.  See Ferdik, 963 F.2d at 1260-61 (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)  Plaintiff's Application to Proceed *In Forma Pauperis*, filed with the Complaint, is **granted**.

(2)  As required by the accompanying Order to the appropriate government agency, Plaintiff must pay the $350.00 filing fee and is not assessed an initial partial filing fee.

(3)  The Complaint (doc.# 1) is **dismissed** for failure to state a claim.  Plaintiff has **30 days** from the date this Order is filed to file a first amended complaint in compliance with this Order.

(4)  If Plaintiff fails to file an amended complaint within 30 days, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action with prejudice that states that the dismissal counts as a "strike" under 28 U.S.C. § 1915(g).

(5)  The Clerk of Court must mail Plaintiff a court-approved form for filing a civil rights complaint by a prisoner.

DATED this 27th day of February, 2007.

_____
Mary H. Murguia
United States District Judge

**INFORMATION AND INSTRUCTIONS FOR A**
**PRISONER FILING CIVIL RIGHTS COMPLAINT**
**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

### I.  General Information About the Civil Rights Complaint Form:

A.  The Form.  The civil rights complaint form is designed to help prisoners prepare a complaint seeking relief for a violation of their federal civil rights.  Local Rule of Civil Procedure 3.4(a) requires that prisoner civil rights complaints be filed on the court-approved form.  Your complaint must be typewritten or legibly handwritten.  All information must be clearly and concisely written, **only in the space provided on the form.**  If needed, you may attach no more than fifteen additional pages of standard letter size paper to continue any part of the complaint. You must identify which part of the complaint is being continued and number all pages.

B.  Your Signature.  You must sign the complaint.  Your signature constitutes a certificate that: 1) you have read the complaint; 2) to the best of your knowledge, information and belief formed after reasonable inquiry it is well grounded in fact and law; and 3) it is not being filed for any improper purpose.  Please review Rule 11 of the Federal Rules of Civil Procedure.  Rule 11 provides for the imposition of sanctions if the complaint is signed in violation of the Rule.

C.  The Filing Fee.  You must pay the $350.00 filing fee.  If you are unable to pay the filing fee when the complaint is filed, you may request leave to proceed *in forma pauperis*.  Please review the "Information for Prisoners Seeking Leave to Proceed with a (Non-Habeas) Civil Action in Federal Court *In Forma Pauperis* Pursuant to 28 U.S.C. § 1915" for more information.

D.  Court Divisions.  If you resided in Maricopa, Pinal, Yuma, La Paz, or Gila county when your rights were allegedly violated, you should  file your complaint in the Phoenix Division of the court.  If you resided in Apache, Navajo, Coconino, Mohave, or Yavapai county when your rights were allegedly violated, you should file your complaint in the Prescott Division of the court.  If you resided in Pima, Cochise, Santa Cruz, Graham, or Greenlee county when your rights were allegedly violated, you should file your complaint in the Tucson Division of the court.  See LRCiv  5.1(a) and 77.1(a).

You should mail THE ORIGINAL AND ONE COPY of your complaint with the $350.00 filing fee or the application to proceed *in forma pauperis* to:

| Phoenix & Prescott Divisions: | **OR** | Tucson Division: |
|---|---|---|
| U.S. District Court Clerk | | U.S. District Court Clerk |
| U.S. Courthouse, Suite 321 | | U.S. Courthouse, Suite 1500 |
| 401 West Washington Street, SPC 10 | | 405 West Congress Street |
| Phoenix, Arizona  85003-2119 | | Tucson, Arizona  85701-5010 |

E.  <u>Certificate of Service on Defendants</u>.  You must furnish the opposing party or their attorney with a copy of any document you submit to the court (except the initial complaint and application to proceed *in forma* pauperis).  Pursuant to Rules 5(a) and (d) of the Federal Rules of Civil Procedure, each original document (except the initial complaint and application for leave to proceed *in forma pauperis)* must include a certificate of service on the last page of the document stating the date a copy of the document was mailed to the opposing party or their attorney and the address to which it was mailed.  Any document received by the court which does not include a certificate of service may be stricken.  A certificate of service should be in the following form:

> I hereby certify that a copy of the foregoing document was mailed
> this __ day of___(month)___, (year) , to:
> Name:  _____
> Address:_____
>     Attorney for Defendant(s)/Respondent(s)
>
>
> _____
> (Signature)

F.  <u>Original and Judge's Copy</u>.  You must furnish an original and one copy of any document submitted to the court.  You must furnish one additional copy to the clerk if you wish to have a file-stamped copy of the document returned to you.  All copies must be identical to the original.

G.  <u>Exhibits</u>.  You should not submit exhibits with the complaint.  Instead, the relevant information should be paraphrased in the complaint.  You should keep the exhibits to use to support or oppose a motion for summary judgment or at trial.

H.  <u>Change of Address</u>.  You must immediately notify the clerk and the opposing party or their attorney in writing of any change in your mailing address.  Failure to notify the court of any change in your mailing address may result in the dismissal of your case.

I.  <u>Amended Complaint</u>.  If you need to change any of the information in the initial complaint, you must file an amended complaint.  The amended complaint must be written on the court-approved civil rights complaint form.  Rule 15(a) of the Federal Rules of Civil Procedure allows you to file one amended complaint prior to any defendant filing an answer.  After any defendant has filed an answer, you must file a motion for leave to amend and lodge a proposed amended complaint.  Local Rule of Civil Procedure 15.1(a)(2) prohibits any amended pleading from referencing any prior pleading.  Further, any allegations or defendants not included in the amended complaint are considered dismissed.

J.  <u>Letters and Motions</u>.  It is generally inappropriate to write a letter to any of the District Judges, Magistrates Judges, or the staff of any of the judicial officers.  The appropriate way to communicate with these persons is by filing a written pleading or motion.

## II.  Completing the Civil Rights Complaint Form:

**HEADING:**

1.  Your Name.  Print your name, prison or jail inmate number, and mailing address on the lines provided.

2.  Defendants.  Print the names of each of your defendants.  If you name more than **four** defendants, you should print the name of one defendant and "see additional page for defendants" in the space provided.  On the additional page you must list the names of **all** of the defendants.  This additional page should be inserted after page 1 and numbered as page "1-A" at the bottom of the page.  The initial complaint must contain the names of **all** of the parties (plaintiffs as well as defendants) in the heading (or on the additional page if more than four defendants).  See Rule 10(a) of the Federal Rules of Civil Procedure.

3.  Jury Demand.  If you want a jury trial, you must write "JURY TRIAL DEMANDED" on the line below "CIVIL RIGHTS COMPLAINT BY A PRISONER."  Failure to do so will result in the loss of the right to a jury trial.  A jury trial is not available if you are seeking only injunctive relief.

**Part A.  JURISDICTION:**

1.  Nature of Suit.  Mark whether you are filing the complaint pursuant to 42 U.S.C. § 1983 for state, county, or city defendants; "Bivens v. Six Unknown Federal Narcotics Agents" for federal defendants; or "other."  If you mark "other," identify the source of that authority.

2.  Plaintiff.  Print all of the requested information on the spaces provided.  Identify the institution and city where the alleged violation of your rights occurred.

3.  Defendants.  Print all of the requested information about each of the defendants in the spaces provided.  If you are naming more than four defendants, you must provide the necessary information about each additional defendant on a separate page.  Label the page(s) as "2-A," "2-B," etc., at  the bottom of the page and insert the additional page(s) immediately behind page 2.

**Part B.  PREVIOUS LAWSUITS:**

You must identify any other lawsuit you have filed in either state or federal court while you were a prisoner.  Print all of the requested information about each lawsuit in the spaces provided.  If you have filed more than three lawsuits, you must provide the necessary information about each additional lawsuit on a separate page.  Label the page(s) as "2-A," "2-B," etc., at the bottom of the page and insert the additional page(s) immediately behind page 2.

**Part C.  CAUSE OF ACTION:**

You must identify what rights the defendant(s) violated.  The form provides space to allege three separate counts (one violation per count).  If you are alleging more than three

3

counts, you must provide the necessary information about each additional count on a separate page.  Number the additional pages "5-A", "5-B", etc., and insert them immediately behind page 5.  Remember that you are limited to a total of fifteen additional pages.

    1.  <u>Counts</u>.  You must identify which civil right was violated.  YOU MAY ALLEGE THE VIOLATION OF ONLY ONE CIVIL RIGHTS CLAIM PER COUNT.

    2.  <u>Issue Involved</u>.  Check the box that most closely identifies the issue involved in your claim.  YOU MAY CHECK ONLY ONE BOX  PER COUNT.  If you check the box marked "Other," you must identify the specific issue involved in the space provided.

    3.  <u>Supporting Facts</u>.  After you have identified which civil right was violated, you need to state the supporting facts.  Be as specific as possible.  You must state what each individual defendant did to violate your rights.  If there is more than one defendant, you need to identify which defendant did what act.  You also need to state the date(s) on which the act(s) occurred if possible.

    4.  <u>Injury</u>.  State precisely how you were injured by the alleged violation of your rights.

    5.  <u>Administrative Remedies</u>.  Exhaustion of administrative remedies is a prerequisite to filing a civil rights complaint.  42 U.S.C. § 1997e requires prisoners to exhaust the available administrative remedies before being allowed to file a civil rights action.  Consequently, you must disclose whether you have exhausted the inmate grievance procedures or administrative appeals for each count in your complaint.  If one of your counts is exempt from the grievance procedures or administrative appeals, fully explain the exemption on the lines provided.

**Part D.  REQUEST FOR RELIEF:**
    Print the relief you are seeking in the space provided.

**SIGNATURE:**
    You must sign your name and print the date you signed the complaint.  Your signature must be an original signature, not a photocopy.

**FINAL NOTE**

    You should follow these instructions carefully.  Failure to do so may result in your complaint being stricken or dismissed by the court.  All questions must be answered concisely in the proper space on the form.  If needed, you may attach no more than fifteen additional pages.  The form, however, must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number the pages.

4

_____
Name and Prisoner/Booking Number

_____
Place of Confinement

_____
Mailing Address

_____
City, State, Zip Code


# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA


_____ ,    )
(Full Name of Plaintiff)        Plaintiff,    )
                                              )
                               vs.            )   **CASE NO.** _____
                                              )        (To be supplied by the Clerk)
_____ ,    )
                                              )
_____ ,    )
                                              )           **CIVIL RIGHTS COMPLAINT**
_____ ,    )                  **BY A PRISONER**
                                              )
_____ ,    )   ☐ Original Complaint
(Full Name of Each Defendant)  Defendant(s).  )   ☐ First Amended Complaint
                                              )   ☐ Second Amended Complaint
_____       )


## A. JURISDICTION

1.   This Court has jurisdiction over this action pursuant to:

    a.   ☐ 28 U.S.C. § 1343(a)(3); 42 U.S.C. § 1983

    b.   ☐ 28 U.S.C. § 1331; <u>Bivens v. Six Unknown Federal Narcotics Agents</u>, 403 U.S. 388 (1971).

    c.   ☐ Other:  (Please specify.) _____ .


2.   Name of Plaintiff: _____ .
    Present mailing address: _____ .
        **(Failure to notify the Court of your change of address may result in dismissal of this action.)**

    Institution/city where violation occurred: _____ .

**550/555**

3.  Name of first Defendant: _____. The first Defendant is employed as:
_____at_____.
(Position and Title)                                    (Institution)

The first Defendant is sued in his/her: ☐ individual capacity ☐ official capacity (check one or both).
Explain how the first Defendant was acting under color of law: _____
_____.

4.  Name of second Defendant: _____. The second Defendant is employed as:
_____at_____.
(Position and Title)                                    (Institution)

The second Defendant is sued in his/her: ☐ individual capacity ☐ official capacity (check one or both).
Explain how the second Defendant was acting under color of law: _____
_____.

5.  Name of third Defendant: _____. The third Defendant is employed as:
_____at_____.
(Position and Title)                                    (Institution)

The third Defendant is sued in his/her: ☐ individual capacity ☐ official capacity (check one or both).
Explain how the third Defendant was acting under color of law: _____
_____.

6.  Name of fourth Defendant: _____. The fourth Defendant is employed as:
_____at_____.
(Position and Title)                                    (Institution)

The fourth Defendant is sued in his/her: ☐ individual capacity ☐ official capacity (check one or both).
Explain how the fourth Defendant was acting under color of law: _____
_____.

**(If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.)**

## B.  PREVIOUS LAWSUITS

1.  Have you filed any other lawsuits while you were a prisoner?          ☐ Yes          ☐ No

2.  If your answer is "yes," how many lawsuits have you filed? _____. Describe the previous lawsuits in the
spaces provided below.

3.  First prior lawsuit:
    a.   Parties to previous lawsuit:
         Plaintiff: _____.
         Defendants: _____
         _____.

2

    b.   Court:  (If federal court, identify the district; if state court, identify the county.) _____
_____.

    c.   Case or docket number: _____.

    d.   Claims raised: _____
_____
_____

    e.   Disposition:  (For example: Was the case dismissed?  Was it appealed?  Is it still pending?) _____
_____.

    f.   Approximate date lawsuit was filed: _____.

    g.   Approximate date of disposition: _____.

4.   Second prior lawsuit:

    a.   Parties to previous lawsuit:
        Plaintiff: _____.
        Defendants: _____
_____.

    b.   Court:  (If federal court, identify the district; if state court, identify the county.) _____
_____.

    c.   Case or docket number: _____.

    d.   Claims raised: _____
_____
_____.

    e.   Disposition:  (For example: Was the case dismissed?  Was it appealed?  Is it still pending?) _____
_____.

    f.   Approximate date lawsuit was filed: _____.

    g.   Approximate date of disposition: _____.

5.   Third prior lawsuit:

    a.   Parties to previous lawsuit:
        Plaintiff: _____.
        Defendants: _____
_____.

    b.   Court:  (If federal court, identify the district; if state court, identify the county.) _____
_____.

    c.   Case or docket number: _____.

    d.   Claims raised: _____
_____
_____.

    e.   Disposition:  (For example: Was the case dismissed?  Was it appealed?  Is it still pending?) _____
_____.

    f.   Approximate date lawsuit was filed: _____.

    g.   Approximate date of disposition: _____.

**(If you filed more than three  lawsuits, answer the questions listed above for each additional lawsuit on a separate page.)**

## C.  CAUSE OF ACTION

### COUNT I

1.   The following constitutional or other federal civil right has been violated by the Defendant(s): _____

_____

_____ .


2.   Count I involves: (Check **only one**; if your claim involves more than one issue, each issue should be stated
     in a different count)        ☐ Mail          ☐ Access to the court      ☐ Medical care
     ☐ Disciplinary proceedings    ☐ Property       ☐ Exercise of religion     ☐ Retaliation
     ☐ Excessive force by an officer  ☐ Threat to safety  ☐ Other: _____ .


3.   **Supporting Facts:** (State as briefly as possible the FACTS supporting Count I.  Describe exactly what each
Defendant did or did not do to violate your rights.  State the facts clearly in your own words without citing legal
authority or arguments).

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____ .


4.   **Injury:**  (State how you have been injured by the actions or inactions of the Defendant(s)).

_____

_____

_____ .


5.   **Administrative Remedies:**
     a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at
          your institution?                                              ☐ Yes   ☐ No
     b.   Did you submit a request for administrative relief on Count I?            ☐ Yes   ☐ No
     c.   Did you appeal your request for relief on Count I to the highest level?       ☐ Yes   ☐ No
     d.   If you did not submit or appeal a request for administrative relief to the highest level, briefly explain
          why you did not. _____

_____ .

## COUNT II

1.   The following constitutional or other federal civil right has been violated by the Defendant(s): _____

_____

_____.

2.   Count II involves: (Check **only one**; if your claim involves more than one issue, each issue should be stated
     in a different count)  ☐ Mail          ☐ Access to the court       ☐ Medical care
     ☐ Disciplinary proceedings      ☐ Property      ☐ Exercise of religion       ☐ Retaliation
     ☐ Excessive force by an officer   ☐ Threat to safety  ☐ Other: _____.

3.   **Supporting Facts:** (State as briefly as possible the FACTS supporting Count II.  Describe exactly what each
     Defendant did or did not do to violate your rights.  State the facts clearly in your own words without citing legal
     authority or arguments).

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____.

4.   **Injury:**  (State how you have been injured by the actions or inactions of the Defendant(s)).

_____

_____

_____.

5.   **Administrative Remedies:**
     a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at
          your institution?                                              ☐ Yes   ☐ No
     b.   Did you submit a request for administrative relief on Count II?        ☐ Yes   ☐ No
     c.   Did you appeal your request for relief on Count II to the highest level?    ☐ Yes   ☐ No
     d.   If you did not submit or appeal a request for administrative relief to the highest level, briefly explain
          why you did not. _____

_____.

**COUNT III**

1.    The following constitutional or other federal civil right has been violated by the Defendant(s):  _____

_____

_____.

2.    Count III involves: (Check **only one**; if your claim involves more than one issue, each issue should be stated
      in a different count)          ☐ Mail          ☐ Access to the court          ☐ Medical care
      ☐ Disciplinary proceedings     ☐ Property       ☐ Exercise of religion         ☐ Retaliation
      ☐ Excessive force by an officer ☐ Threat to safety ☐ Other: _____.

3.    **Supporting Facts:** (State as briefly as possible the FACTS supporting Count III.  Describe exactly what
each Defendant did or did not do to violate your rights.  State the facts clearly in your own words without citing
legal authority or arguments).

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____.

4.    **Injury:**  (State how you have been injured by the actions or inactions of the Defendant(s)).

_____

_____

_____.

5.    **Administrative Remedies:**
      a.    Are there any administrative remedies (grievance procedures or administrative appeals) available at
            your institution?                                                      ☐ Yes    ☐ No
      b.    Did you submit a request for administrative relief on Count III?         ☐ Yes    ☐ No
      c.    Did you appeal your request for relief on Count III to the highest level? ☐ Yes    ☐ No
      d.    If you did not submit or appeal a request for administrative relief to the highest level, briefly explain
            why you did not.  _____

            _____.

**(If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.)**

## D.  REQUEST FOR RELIEF

State briefly exactly what you want the Court to do for you.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____        _____
                           DATE                                           SIGNATURE OF PLAINTIFF

_____
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)

_____
(Signature of attorney, if any)

_____
_____
_____
(Attorney's address & telephone number)

## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form.  If needed, you may attach no more than fifteen additional pages.  The form, however, must be completely filled in to the extent applicable.